UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AFERDITA COLLAKU,                                    Civil Action No.: 18 CV 4054
                                                     (VEC)
                             Plaintiff,

     -against-

TEMCO SERVICE INDUSTRIES, INC.,

                         Defendant.
------------------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

July 13, 2018

Harry Weinberg
Law Offices of Harry Weinberg, PLLC
292 Madison Avenue, 16th Floor
New York, New York 10017
212.889.4100
harryesq@aol.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

COUNTER-STATEMENT OF FACTS ...................................................................................... 1

ARGUMENT ............................................................................................................................... 4

   POINT I

   PLAINTIFF'S PETITION TO VACATE THE ARBITRATION AWARD REQUIRES
   INTERPRETATION OF THE PARTIES' CBA. ................................................................... 4

   POINT II

   PLAINTIFF'S ARGUMENT THAT DEFENDANT MUST SEEK TO VACATE A
   DEFAULT IS BASELESS. .................................................................................................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Basir v. New Carlton Rehabilitation & Nursing Ctr.*, No. 13–cv–5726 (RRM)(MDG), 2015 WL 5579863 (S.D.N.Y. Sept. 22, 2015) .................................................................................5

*Jamaica Buses, Inc. v. Transport Workers' Union, AFL-CIO, Local 100*, No. 02 CV 2533 (SJ), 2003 WL 1621026 (E.D.N.Y. Mar. 26, 2003) ..........................................................................................................................5

*Kansallis-Osake-Pankki v. Kouri*, 150 F.R.D. 69 (S.D.N.Y. 1993) .........................................................................................................8

*Montgomery Ward & Co. v. Warehouse, Mail Order, Office, Technical & Professional Employees Union*, 911 F. Supp. 1094 (E.D. Ill. 1995) ..............................................................................................................3, 6

*NBCUniversal Media, LLC v. Pickett*, Case No. LA CV17-01404 JAK (MRWx), 2017 WL 4708019 (C.D. Cal. Jul. 19, 2017) ........................................................................................5, 6

*North Star Concrete Construction Corp. v. Empire State Carpenters Fringe Benefits Funds*, 14-CV-3498, 2016 WL 1122034 (E.D.N.Y. Mar. 22, 2016) ..................................................................................5

*Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003) .................................................................4

*Whitehurst v. Staten Is. Univ. Hosp.*, 18-cv-1090 (ARR)(RER), 2018 WL 2744710 (E.D.N.Y. June 6, 2018) .................................................................................................4

**Statutes**

29 U.S.C. § 185 .................................................................................................... passim

**Other Authorities**

N.Y. City Admin. C. §8-101, *et seq.* ..................................................................... passim

## PRELIMINARY STATEMENT

Plaintiff contends her petition to vacate an arbitration award arising out of an arbitration governed by a collective bargaining agreement does not invoke federal labor law. Plaintiff is incorrect. § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("§ 301"), confers extensive and preemptive federal jurisdiction to determine any matter involving the interpretation of a collective bargaining agreement. Since the arbitration at issue was directed by and conducted pursuant to a collective bargaining agreement, Defendant has conclusively established federal question jurisdiction under § 301 of the LMRA. Plaintiff's motion to remand should, thus, be denied.

## COUNTER-STATEMENT OF FACTS

Plaintiff ignores the fact that Defendant moved to compel her claims to mandatory arbitration pursuant to § 301 of the LMRA. Plaintiff further ignores that the arbitration was held pursuant to the collective bargaining agreement, applicable to her employment, between Local 32BJ, SEIU, and the Realty Advisory Board on Labor Relations, Inc (the "CBA").

Plaintiff filed her Complaint in the Supreme Court of the State of New York, County of New York, on or about November 14, 2014. Defendant, on December 21, 2014, moved the Supreme Court to compel Plaintiff's Complaint to arbitration "pursuant to a collective bargaining agreement" and invoking § 301 of the LMRA. Thereafter, the parties agreed voluntarily to stay the Supreme Court action and to submit Plaintiff's claims to mediation and arbitration pursuant to the procedures of the No-Discrimination Protocol in the CBA. *See* Stipulation dated Feb. 23, 2015 annexed to Declaration of Harry Weinberg dated July 13, 2018 as Exhibit A.[1]

---

[1] This Court should also note that, by Order, dated June 5, 2017, the Supreme Court dismissed Plaintiff's action because she failed to appear at Status Conference held on June 1, 2017 *See* Order Dismissing Action dated June 5, 2017, annexed to Declaration of Harry Weinberg dated July 13, 2018 as Exhibit B..

1

On January 10, 2018, after six days of hearing, Arbitrator Deborah Gaines issued her award, denying Plaintiff's claims in their entirety. Arbitrator Gaines expressly issued her award pursuant to Defendant's "mandatory arbitration clause," contained in the applicable collective bargaining agreement.

On or about April 6, 2018, Plaintiff filed in the Supreme Court of the State of New York, County of New York, her petition to vacate the award Arbitrator Gaines rendered pursuant to the arbitration provisions of the applicable collective bargaining agreement. Indeed, Plaintiff moved to vacate the award rendered by Arbitrator Gaines based on the allegation, *inter alia*, that the arbitrator exceeded her powers by disregarding applicable law under the New York City Human Rights Law, N.Y. City Admin. C. §8-101, *et seq*. (Petition at ¶¶ 3, 4, 35, *i.e*). Plaintiff's present application to remand chooses to ignore that the CBA was the source of the arbitrator's powers. Plaintiff's petition, pursuant to Article 75 of the New York Civil Practice Law and Rules was originally returnable on April 30, 2018. Defendant admitted service of the petition and supporting papers on or about April 19, 2018.[2]

On May 6, 2018, within 30 days of Defendant's receipt of Plaintiff's petition by service or otherwise, Defendant removed Plaintiff's petition to vacate the arbitration award to this Court. Defendant, thereafter, filed its notice of the removal petition in the Supreme Court on May 23, 2018.[3] The basis of Defendant's removal of Plaintiff's petition to vacate the arbitration award was § 301 of the LMRA, as the arbitration award was rendered under and pursuant to the

---

[2] As Plaintiff's petition purports to give Plaintiff an opportunity to reply to any papers filed in opposition by Defendant, the CPLR requires Plaintiff to serve her papers at least 16 days prior to the return date. Plaintiff, instead, gave Defendant 11 days' notice. Plaintiff's petition is, therefore, defective *ab initio*.
[3] Defendant's counsel attempted to earlier file its notice of removal with the Clerk of New York County by transmitting hard copies on May 9, 2018, but the Clerk returned the papers noting that Plaintiff's petition required e-filed papers.

2

arbitration provision of a collective bargaining agreement. Plaintiff's petition was properly removed.[4]

---

[4] Plaintiff argues that because the return date of her petition passed on May 4, 2018, that Defendant was in "default" in answering the petition. While it is true that Defendant did not respond to Plaintiff's short-noticed petition in Supreme Court, no default judgment was entered against Defendant in Supreme Court.

## ARGUMENT

Plaintiff does not seek remand of a plenary case founded on a violation of the New York City Human Rights Law ("NYCHRL"), rather, she seeks remand of a petition to vacate an arbitration award rendered pursuant to a collective bargaining agreement. No question exists, under well-settled law, that the construction and interpretation of a collective bargaining agreement creates federal question jurisdiction under § 301 of the LMRA. This is not a case of preemption of a state law claim, but a case that demands interpretation of the arbitration provision and procedures specified in the CBA. This Court necessarily must construe and interpret the collective bargaining agreement under which the subject award was issued to evaluate whether it was properly rendered. Thus, Plaintiff's motion to remand her petition to vacate the arbitration award should be denied.

### POINT I

### PLAINTIFF'S PETITION TO VACATE THE ARBITRATION AWARD REQUIRES INTERPRETATION OF THE PARTIES' CBA.

A.   **Standard of Review**

Plaintiff's petition clearly seeks to vacate an arbitration award rendered pursuant to a collective bargaining agreement. Assessment of an award rendered pursuant to procedures and powers outlined in the CBA requires interpretation of the CBA, and thus invokes jurisdiction under § 301. *See Montgomery Ward & Co. v. Warehouse, Mail Order, Office, Technical & Professional Employees Union*, 911 F. Supp. 1094 (E.D. Ill. 1995) ("A suit brought in federal court to vacate an arbitration award under § 301 is a suit for breach of contract."). Defendant met its burden to establish the existence of federal jurisdiction, as set forth in the well-pleaded allegations of its removal petition.

Though this Court should give deference to a Plaintiff's ability to avoid pleading a federal claim under the "well-pleaded complaint rule," this deference must fall in the face of claims subject to the complete preemption of § 301 of the LMRA. *Vera v. Saks & Co.*, 335 F.3d 109, 113-14 (2d Cir. 2003). "Complete preemption" under § 301 of the LMRA, in this case, prohibits Plaintiff from avoiding federal jurisdiction by "artful pleading" even though Plaintiff's petition to vacate the arbitration award makes no reference to a federal claim. *Id. See also Whitehurst v. Staten Is. Univ. Hosp.*, 18-cv-1090 (ARR)(RER), 2018 WL 2744710, *4 (E.D.N.Y. June 6, 2018). Plaintiff's petition to vacate Arbitrator Gaines's award admits its genesis arising from a "proceeding conducted pursuant to a collective bargaining agreement with a mandatory arbitration clause." Thus, Plaintiff's petition to vacate requires interpretation of the CBA, and Defendant properly removed Plaintiff's petition under § 301 of the LMRA.

**B.     Defendant's Reliance On The LMRA Was Proper**

Plaintiff argues that her petition is not completely preempted by § 301 of the LMRA based upon two factors: (1) that she does not allege a violation of the CBA; and (2) that her claims of violation of the NYCHRL do not implicate the CBA. Plaintiff is incorrect as to both points, and misapprehends the application of the LMRA at bar.

Plaintiff admits that Arbitrator Gaines was appointed and conducted the arbitration between her and Defendant "[p]ursuant to the collective bargaining agreement between [Defendant] and its employees." Though the CBA is, in fact, between Defendant and Plaintiff's union, Defendant agrees that Arbitrator Gaines was appointed and conducted the arbitration based on the powers and procedures described in the CBA. Plaintiff's Petition then seeks to vacate Arbitrator Gaines's award by arguing that she exceeded her powers—powers which were granted by and derived from the CBA—by disregarding evidence and law regarding Plaintiff's

claims that Defendant violated the NYCHRL. Plaintiff's position is, thus: (1) that the CBA required arbitration; and (2) that the Arbitrator drew her authority from and conducted the arbitration pursuant to the CBA; but (3) that this Court need not look to the CBA when evaluating the arbitrator's decision. Plaintiff's position is absurd as it acknowledges that this Court could exercise jurisdiction over a motion to compel arbitration under the CBA, but maintains that this Court is somehow bereft of jurisdiction to assess the validity of the award resulting from the arbitration it ordered.

As numerous cases in this Circuit, and elsewhere, have ruled, § 301 of the LMRA provides an independent basis of federal jurisdiction for proceedings regarding the confirmation or vacatur of arbitration awards arising from collective bargaining agreements. *See, e.g., Basir v. New Carlton Rehabilitation & Nursing Ctr.*, No. 13–cv–5726 (RRM)(MDG), 2015 WL 5579863, *4 (S.D.N.Y. Sept. 22, 2015) ("Indeed, 'there is ample caselaw in which federal courts have relied on jurisdiction pursuant to § 301 of the LMRA to confirm or vacate an arbitration award."); *North Star Concrete Construction Corp. v. Empire State Carpenters Fringe Benefits Funds*, 14-CV-3498, 2016 WL 1122034, *3 (E.D.N.Y. Mar. 22, 2016) ("Federal Courts have exercised jurisdiction pursuant to LMRA Section 301 with respect to actions to confirm or vacate arbitration awards."); *Jamaica Buses, Inc. v. Transport Workers' Union, AFL-CIO, Local 100*, No. 02 CV 2533 (SJ), 2003 WL 1621026, *2 (E.D.N.Y. Mar. 26, 2003) (same). While Plaintiff's union is not a party to the arbitration at issue, its absence is not fatal to the application of § 301. *See NBCUniversal Media, LLC v. Pickett*, Case No. LA CV17-01404 JAK (MRW), 2017 WL 4708019, *5-*6 (C.D. Cal. Jul. 19, 2017). The union's absence from the proceedings does not alter the fact that Plaintiff seeks vacatur of an arbitration conducted pursuant to the terms of the CBA, that the arbitrator derived her authority and the procedure for the arbitration

6

from the CBA, or that the award was issued pursuant to the arbitrator's authority under the CBA. Thus, a claim that the Arbitrator's award should be vacated, as indicated by Defendant's removal petition, is necessarily a claim involving interpretation of a CBA and invoking federal jurisdiction under § 301. *See Montgomery Ward & Co., Inc.*, 911 F. Supp. 1094.

*Pickett* is instructive in these circumstances. In that case, the plaintiff, Pickett, made claims of discrimination and retaliation in violation of California's Fair Employment and Housing Act. Defendant NBCUniversal was a party to a collective bargaining agreement with the National Association of Broadcast Employees and Technicians, the Broadcasting and Cable Television Workers Sector of the Communication Workers of America, AFL CIO-CLC ("NABET"). The collective bargaining agreement between NBCUniversal and NABET included a clause that provided for individual arbitration of discrimination claims when NABET did not grieve such claims under the contract on an individual's behalf. NBCUniversal commenced a concurrent action in the U.S. District Court for the Central District of California, seeking to compel all the claims Pickett made in the state court action to arbitration under the applicable collective bargaining agreement. In compelling all of Pickett's state law discrimination claims to arbitration, the district court ruled that § 301 of the LMRA was applicable as NBCUniversal's action sought merely to enforce the contractual rights to which it was entitled under the applicable collective bargaining agreement. *Pickett*, 2017 WL 4708019, *5-*6. As in the case at bar, NBCUniversal did not claim that the CBA altered or preempted Pickett's claims, but that the claims were subject to mandatory arbitration under the applicable collective bargaining agreement. As the *Pickett* court found that § 301 of the LMRA was applicable to enforce the arbitration provision of a collective bargaining agreement, even in the

absence of the plaintiff's union, Plaintiff's application, here, to vacate the award rendered pursuant to the procedures in the CBA is similarly subject to jurisdiction under § 301.

Plaintiff's attempt to recast her petition to vacate the arbitration award as seeking vindication of her state or city law rights misapprehends the nature of her petition attacking the arbitration. State law claims may avoid the preemptive impact of § 301 if they make no reference to the terms of a collective bargaining agreement, but Plaintiff's petition to vacate an arbitration award rendered pursuant to the CBA is not a state law claim. In actuality, what Plaintiff seeks is not vindication of her NYCHRL claims, but reversal of the arbitrator's decision that dismissed her claim within the confines of the rules and procedures of the CBA-mandated forum. This forum and process only exist because of the applicable CBA. Thus, Plaintiff's petition to vacate clearly invokes the CBA and § 301 of the LMRA.

Plaintiff's petition to vacate Arbitrator Gaines's award dismissing her NYCHRL claims, *is* a claim within the confines of § 301 of the LMRA. The fact that Plaintiff alleges no violation of the CBA and that her claims derive purely from New York statutes is unavailing when Plaintiff attacks the CBA-mandated process by which her claims were decided. Thus, Plaintiff's motion to remand her petition to vacate to the Supreme Court of the State of New York should be denied.

## POINT II

### PLAINTIFF'S ARGUMENT THAT DEFENDANT MUST SEEK TO VACATE A DEFAULT IS BASELESS.

Plaintiff argues inappropriately on her motion to remand her petition, without any support in law or in fact, that Defendant "defaulted" in opposing Plaintiff's petition to vacate Arbitrator Gaines's award. Plaintiff, however, can point to no order granting Plaintiff judgment by default.

8

Indeed, the Supreme Court never issued any such order. What Plaintiff references is Defendant's unintentional failure to appear on the return date of Plaintiff's petition as it was preparing to remove Plaintiff's claims to this Court. Such procedural technicalities should be set aside by this Court in favor of adjudication on the merits, particularly where the party evidences intent to contest the merits of the case. *See Kansallis-Osake-Pankki v. Kouri*, 150 F.R.D. 69 (S.D.N.Y. 1993) (denying plaintiff's motion for default judgment when the defendant failed to timely respond to plaintiff's removed motion for summary judgment in lieu of complaint). The notion that Defendant would abandon this matter after prevailing following half a dozen depositions and six (6) days of arbitration hearings is absurd. Should this Court rule to the contrary, Plaintiff should similarly be required to vacate the order of the Supreme Court, dated June 5, 2017, which dismissed Plaintiff's lawsuit alleging the discrimination claims which were the subject of the arbitration she now contests. Thus, Plaintiff's argument regarding default should be disregarded.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to remand her petition to vacate the arbitration award issued under the applicable collective bargaining agreement should be denied.

Dated: New York, New York
July 13, 2018

Respectfully submitted,

LAW OFFICES OF HARRY
WEINBERG, PLLC

By: _____
Harry Weinberg
292 Madison Avenue, 16th Floor
New York, New York 10017
212.889.4100
harryesq@aol.com